Case 2:18-cv-00464   Document 10   Filed on 05/31/19 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK TOBIAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00464 |
| | § | |
| WARDEN L. SHULTS, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Petitioner Mark Tobias, proceeding *pro se*, is a federal prisoner at the Federal Correctional Institution-Three Rivers ("FCI-Three Rivers") in Three Rivers, Texas. In December 2018, he filed the present 28 U.S.C. § 2241 petition, alleging that the Federal Bureau of Prisons ("BOP") incorrectly calculated his sentence. (D.E. 1). Respondent Warden L. Shults ("the government") moves for summary judgment, asserting that Tobias failed to exhaust his administrative remedies and, regardless, has not made a viable claim under § 2241. (D.E. 8). Tobias has responded. (D.E. 9). For the reasons discussed further below, it is recommended that the government's motion for summary judgment be GRANTED and Tobias's petition be DENIED on the merits.

### I.   **JURISDICTION**

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is appropriate in this court because Tobias is incarcerated in the Southern District of Texas. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition

In December 2018, Tobias filed his § 2241 petition, in which he alleges that the BOP incorrectly calculated his sentence because it ran his sentences from two cases consecutively instead of concurrently. (D.E. 1 at 6-7). Tobias alleges that he was sentenced to a 135-month total sentence, to run concurrently with a 12-month-and-1-day sentence he received in another case. (*Id.* at 7). Tobias alleges that the BOP is instead running these two sentences consecutively, and he seeks to have the sentence calculation corrected. (*Id.* at 8). Tobias indicates that he raised this issue with a counselor at FCI-Three Rivers in September 2018, but the issue was not resolved, and he subsequently sent a letter to the BOP regional office. (*Id.* at 2-3).

### b. Summary Judgment Evidence

In March 2017, Judge Orlando Garcia of the United States District Court for the Western District of Texas ("the Western District") revoked Tobias's supervised release in case 5:03-cr-00252-OLG after Tobias was arrested and indicted for: (1) possession with intent to distribute methamphetamine and cocaine; and (2) being a felon in possession of a firearm. (D.E. 8-3 at 2-4). The Western District sentenced Tobias to 12 months and 1 day of imprisonment, to begin immediately and run concurrently with his forthcoming sentence in case 5:15-cr-00584-OLG. (*Id.* at 4). In July 2018, the Western District in case 5:15-cr-00584-OLG sentenced Tobias to 135 months' imprisonment for possession with intent to distribute cocaine and 120 months' imprisonment for being a felon in

2

possession of a firearm, to run concurrently with each other and concurrently with his prior 12-month-and-1-day sentence. (D.E. 8-2 at 2-3).

In September 2018, Tobias submitted an informal resolution form at FCI-Three Rivers, asserting that his sentence was calculated incorrectly at 12 years, 6 months, and 28 days, when it should have been 135 months. (D.E. 1-2 at 7). A staff member responded that his sentence was aggregated to 12 years, 6 months, and 28 days, but that this term did not reflect jail credit or good credit time. (*Id.*).

Tobias sent several letters to the Western District regarding the computation of his sentence. (*Id.* at 8-10). In November 2018, the Western District construed them as a motion to reduce sentence and dismissed them as a § 2241 petition that was filed in the wrong venue. (*Id.* at 11).

Gail Crowe, a BOP employee in the area of inmate sentence computations, stated the following in a declaration. (D.E. 8-4 at 2-6). BOP records showed that Tobias had never sought an administrative remedy while in BOP custody. (*Id.* at 2). When Tobias received the 12-month-and-1-day sentence in March 2017, he had already been in custody for 584 days, meaning that the sentence was satisfied as of June 21, 2016. (*Id.* at 3-4). Tobias remained in custody until he received his 135-month sentence on July 12, 2018. (*Id.* at 4). The BOP applied prior custody credit to the 135-month sentence for the time between the completion of his first sentence and the commencement of his second sentence, which was June 22, 2016, through July 11, 2018. (*Id.* at 4). After applying good-time credit, Tobias's sentence was projected to satisfy on April 11, 2026. (*Id.* at 2, 4). Crowe acknowledged that the BOP improperly aggregated Tobias's two sentences,

3

but she de-aggregated them in order to reach the new release date of April 11, 2026. (*Id.* at 5).

BOP computer records from March 18, 2019, indicated that Tobias had never sought an administrative remedy while in BOP custody. (D.E. 8-5 at 2).

### III. DISCUSSION

#### a. Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.* The Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 274-75 (5th Cir. 2016). In doing so, the Court can credit "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. *Anderson*, 477 U.S. at 248.

### b. Analysis

In his motion for summary judgment, the government argues that Tobias has not exhausted his administrative remedies. (D.E. 8 at 4-8). Specifically, the government contends that the Bureau of Prisons has a four-step administrative remedy procedure, but that Tobias completed only the first and third steps of the process. (*Id.* at 5-7). Accordingly, the government argues that, even if Tobias's sentence calculation is incorrect, the BOP has not been given an opportunity to correct the error itself and Tobias's petition must be dismissed. (*Id.* at 7-8). Finally, the government argues that, on the merits, Tobias cannot prevail because his 12-month-and-1-day sentence was complete at the time the 135-month sentence was imposed and could not run concurrently. (*Id.* at 8 n.7).

Tobias responds that he completed the first step of the grievance process by submitting an informal resolution worksheet, which was denied. (D.E. 9 at 3). He indicates that he then asked for the proper form to complete the next step of the grievance process, but the grievance counselor told him that he did not have any copies of the form.

5

Tobias states that requested the form several more times and received the same answer, so he sent a letter instead. (*Id.*). Thus, Tobias argues that his failure to completely exhaust his remedies was because the other steps of the grievance process were unavailable. (*Id.* at 3-4). Tobias reiterates that the BOP calculated his sentence incorrectly. (*Id.* at 4).

A petitioner must exhaust his administrative remedies in the BOP before filing a § 2241 petition in federal court. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The petitioner must exhaust all available remedies, not merely the remedies that he elects to pursue. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). The failure to exhaust is an affirmative defense that must be asserted by the respondent; the plaintiff need not establish exhaustion in his complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 & n.8 (5th Cir. 2007).

Exceptions to the exhaustion requirement are appropriate where administrative remedies are either unavailable or wholly inappropriate for the relief sought, or where the attempt to exhaust the remedies would be a patently futile course of action. *Fuller v. Rich*, 11 F.3d 61, 63 (5th Cir. 1994). Where institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, those remedies are not available to the prisoner. *Aceves v. Swanson*, 75 Fed. App'x 295, 296 (5th Cir. 2003) (unpublished); *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015) (citing *Aceves* with approval).

The BOP provides a four-step remedy procedure for inmates to follow. First, an inmate must present an issue of concern informally to the staff. 28 C.F.R. § 542.13(a). If

6

his problem is not resolved, the inmate then submits a Request for Administrative Remedy to the designated institutional staff member, typically a correctional counselor. 28 C.F.R. § 542.14.  If the inmate remains dissatisfied with the response to his complaint, he may submit an appeal to the appropriate Regional Director.  28 C.F.R. § 542.15(a).  Finally, if the inmate is dissatisfied with the Regional Director's response, he may appeal to the General Counsel.  *Id.*

If a petitioner fails to plead a viable claim under § 2241, the Court may dismiss the petition on the merits without requiring exhaustion.  *See Adams v. Morrison*, 84 Fed. App'x 419, 420 (5th Cir. 2003) (unpublished) (affirming on the merits where the petitioner also failed to exhaust his administrative remedies).

A sentence commences on the date the defendant is received in custody awaiting transportation to the official detention facility at which the sentence is to be served.  18 U.S.C. § 3585(a).  A sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.  *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).  Multiple terms of imprisonment that are ordered to run either consecutively or concurrently are treated for administrative purposes as a single, aggregate term of imprisonment.  18 U.S.C. § 3584(c).

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense, so long as that time has not been credited against another sentence.  18 U.S.C. § 3585(b).  The

computation of prior custody time is not completed by the sentencing court, but rather is calculated by the BOP after sentencing. *United States v. Wilson*, 503 U.S. 329, 333-34 (1992).

Here, as to exhaustion, Tobias indicates that he raised the issue of his sentence calculation informally with a counselor, and then sent a letter to the Regional Director. (D.E. 1 at 2-3). These actions represent the first and third steps on the BOP's prescribed remedy procedure, but Tobias does not indicate, in his complaint or elsewhere, that he completed the second or fourth steps before filing his present complaint. *See* 28 C.F.R. §§ 542.13(a), 542.14, 542.15(a). However, Tobias indicates in his response that he requested a BP-9 form to complete the second step of the grievance procedure, but his request was rebuffed by prison staff. (D.E. 9 at 3-4). The record contains no evidence from the United States about the procedures available for obtaining the forms; thus, additional remedies may have been unavailable, excusing Tobias's failure to exhaust them. *See Aceves*, 75 Fed. App'x at 296. The Court need not determine whether further exhaustion was unavailable, however, because Tobias's claim also fails on the merits. *See Adams*, 84 Fed. App'x at 420.

On the merits, the BOP did not improperly run Tobias's two sentences consecutively rather than concurrently. First, Tobias's 12-month-and-1-day sentence was issued on March 14, 2017. (D.E. 8-3 at 4). Because Tobias received prior credit time dating back to August 10, 2015, this sentence was complete the moment it went into effect, and the BOP determined that it was complete as of June 21, 2016. (D.E. 8-4 at 3-4). Second, Tobias's 135-month sentence could not have commenced prior to when it

8

was announced on July 13, 2018, so it could not run concurrently with the already complete 12-month-and-1-day sentence. *See Flores*, 616 F.2d at 841. Moreover, Tobias could not receive credit for those 12 months and 1 day in his 135-month sentence because they were already credited towards a separate sentence. 18 U.S.C. § 3585(b). However, the BOP did properly give Tobias credit for the 24 months and 21 days between the completion of his first sentence on June 21, 2016, and the commencement of his second sentence on July 12, 2018. (D.E. 8-4 at 4). Finally, although the BOP's initial aggregation of Tobias's two sentences was erroneous, that mistake was fixed and Tobias's sentence was adjusted. (*Id.* at 5). Thus, contrary to Tobias's claim, the BOP did not improperly run his sentences consecutively rather than concurrently.

## IV. RECOMMENDATION

Accordingly, it is respectfully recommended that the government's motion for summary judgment (D.E. 8) be GRANTED and Tobias's petition (D.E. 1) be DENIED on the merits.

Respectfully submitted this 31st day of May, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs*. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).